UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-4-MOC

| | |
|---|---|
| **MARVIN JAMES,** **On behalf of A.D.J.,** | ) ) ) |
| Plaintiff, | ) ) |
| Vs. | ) ORDER ) |
| **NANCY A. BERRYHILL,** **Acting Commissioner of Social Security,** | ) ) ) ) |
| Defendant. | ) |

**THIS MATTER** is before the court on the Commissioner's Motion to Dismiss Plaintiff's Complaint. The court has closely reviewed the record in the instant matter, and agrees with the Commissioner that the court lacks subject-matter jurisdiction in this matter.

Plaintiff's complaint is based on alleged issues with Social Security benefits paid to his daughter, A.D.J. His claim thus arises under the Social Security Act ("the Act"), as the Act provides "both the standing and the substantive basis" for his claim. Heckler v. Ringer, 466 U.S. 602, 615 (1984). However, this court does not have jurisdiction to handle every claim arising under the Act; indeed, pursuant to 42 U.S.C. § 405(g), district courts may only review *final* decisions by the Commissioner. Id. at 617 (holding that § 405(g) requires presentation of any claim to the Commissioner and that a claimant exhaust all administrative remedies before district court review).

Here, plaintiff has not exhausted all his administrative remedies: when the Commissioner informed him of a decision adjusting the amount of his daughter's auxiliary benefit, plaintiff proceeded to file this action instead of appealing this request to the Commissioner and proceeding

through the appropriate appeals process as set out by the Act. As such, plaintiff has yet to obtain a judicially reviewable final decision, meaning this court lacks subject-matter jurisdiction over his claim. See Willis v. Soc. Sec. Comm'r, 2011 WL 6263617, at *1-2 (D.Md. 2011); Heckler, 466 U.S. at 617.

Therefore, the court will grant the Commissioner's motion, and encourages plaintiff to file an appeal in the appropriate venue. Should plaintiff exhaust his administrative remedies in the future and timely file an action in this forum, a judge of this court will gladly review the final decision in that matter. Having thus considered the Commissioner's motion and reviewed the pleadings, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Commissioner's Motion to Dismiss Plaintiff's Complaint Motion (#9) is **GRANTED**, and plaintiff's *pro se* Complaint (#1) is **DISMISSED without prejudice**.

Signed: April 24, 2018

Max O. Cogburn Jr.
United States District Judge